```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

UNITED STATES SURETY COMPANY,   )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  11 C 7480
                                )
STEVENS FAMILY LIMITED          )
PARTNERSHIP, et al.,            )
                                )
               Defendants.      )
```

MEMORANDUM OPINION AND ORDER

United States Surety Company ("Surety Company") has filed a Complaint against Stevens Family Limited Partnership ("Partnership"), Thomas Stevens, Lillia Stevens, Matthew Stevens and Edna Howard, seeking to invoke federal subject matter jurisdiction on diversity of citizenship grounds. Because that effort is impermissibly flawed in that Surety Company has failed to carry its burden of establishing such jurisdiction, this sua sponte memorandum opinion and order dismisses both the Complaint and this action on jurisdictional grounds--but with the understanding that if the present flaw can be cured promptly, the action may then be reinstated.

As to Surety Company, Complaint ¶1 properly identifies both components of its corporate citizenship under 28 U.S.C. §1332(c)(1), while Complaint ¶¶3 through 6 properly set out the Illinois citizenship of all four individual defendants. But all that Surety Company's counsel say as to Partnership is simply this (Complaint ¶2):

> Defendant Stevens Family Limited Partnership is an Illinois partnership with its principal place of business in Chicago, Illinois.

As that language reflects, Complaint ¶2 speaks only of facts that are jurisdictionally irrelevant when a limited partnership is involved. Those allegations ignore more than a dozen years of repeated teaching from our Court of Appeals (see, e.g., Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 803 (7th Cir. 2009), citing among other cases Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). And that teaching has of course been echoed many times over by this Court and its colleagues.

For a good many years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)). But there is really no excuse for counsel's present lack of knowledge of such a firmly established principle, after well over a full decade's repetition by our Court of Appeals and others. Hence it seems entirely appropriate to impose a reasonable cost for such a failing.

Accordingly, as stated earlier, not only Surety Company's Complaint but also this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with Surety Company and its counsel jointly obligated to pay a fine of $350 to the District

2

Court Clerk[1] if a timely Fed. R. Civ. P. 59(e) motion hereafter provides the missing information that leads to a vacatur of this judgment of dismissal.  Because this dismissal is attributable to Surety Company's lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 25, 2011

---

[1]  That fine is equivalent to the cost of a second filing fee, because after this dismissal a new action would have to be brought if the defect identified here turns out to be curable.

[2]  On the hopeful assumption that the flaw set out here is indeed curable, this Court is contemporaneously issuing its customary initial scheduling order.