# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SURETY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 11 C 7480 |
| STEVENS FAMILY LIMITED PARTNERSHIP, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM

At the conclusion of the January 28 hearing on the motion of defendants to amend their answer to add an affirmative defense captioned "First Affirmative Defense -- Bad Faith of Plaintiff," this Court continued the motion to enable the parties to adduce any relevant caselaw authority in support of or in opposition to that motion. Although this memorandum may perhaps be superfluous because both litigants' counsel are presumably aware of what is addressed here, its subject was not touched upon specifically during the January 28 hearing and -- perhaps out of an overabundance of caution -- will be dealt with here briefly.

As the parties are well aware, the surety agreement at issue in this action contains a specific choice-of-law provision that looks to California law. And that being the case, this Court's understanding is that the principles established by that state's Supreme Court in <u>Cates Constr., Inc. v. Talbot Partners</u>, 980 P. 2d 407 (1999) provide the rules of decision that should govern counsel's current search. Briefly put, <u>Cates</u> teaches that although a covenant of good faith and fair dealing is implicit in every contract (<u>id</u>. at 415), surety agreements (unlike insurance policies) do not give rise to a tort action for breach of that covenant (<u>id</u>. at 418-427). At the end

of its extended analysis, the Cates' majority summarized its conclusion in this fashion (id. at 427):

> We acknowledge that our unwillingness to recognize a new tort action may mean that isolated instances of surety misconduct may yet occur. Nonetheless, in the absence of compelling policy reasons supporting tort recovery, we leave it up to the Legislature, which is better equipped to gather data and study the effects of a significant shift in the balance of power between owner/obligees, contractor/principals and sureties, to determine whether statutorily authorized tort remedies would benefit the real estate development industry.
>
> Accordingly, we hold that recovery for a surety's breach of the implied covenant of good faith and fair dealing is properly limited to those damages within the contemplation of the parties at the time the performance bond is given or at least reasonably foreseeable by them at that time.

Needless to say, if any later pronouncement from the California Supreme Court has modified or limited the just-quoted ruling from a divided court, this Court will consider such later caselaw. In the absence of such supervening authority, however, counsel's submissions will be expected to adhere to the Cates decision.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 29, 2014