# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES SURETY COMPANY, ) | |
| Plaintiff, ) | Case No. 11 C 7480 |
| ) | |
| v. ) | District Judge Milton I. Shadur |
| ) | |
| STEVENS FAMILY LIMITED ) | Magistrate Judge Geraldine Soat Brown |
| PARTNERSHIP, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

Defendants' Second Motion to Compel [dkt 74] is before the court. This opinion rules on one document defendants seek to compel – a document plaintiff purportedly received in a mediation. For the reasons set out below, the motion to compel production of that document is denied. Rulings with respect to the remaining contested documents will follow shortly.

### Background

The background of Defendants' Second Motion to Compel was set out in this court's earlier order. (Order, Feb. 14, 2014.) [Dkt 89.] In response to that order, plaintiff United States Surety Company ("Surety") filed a supplemental memorandum (Pl.'s Suppl. Mem. [dkt 93]), and defendants filed a sur-reply (Defs.' Suppl. Mem. [dkt 95]).

1

The dispute on the motion has been narrowed somewhat by those filings. Defendants no longer seek the document in category 2, that is, the indemnity agreement with prior owners. (Defs.' Suppl. Mem. at 2.) The other documents, however, remain contested.

Notwithstanding the caution in the earlier order that the supplemental memorandum would be Surety's "last opportunity" to support its claims of privilege or work product protection with factual evidence or authority (Order, Feb. 14, 2014, at 7), Surety has submitted no additional factual material to support its claims. The only evidence Surety has submitted in connection with the motion consists of the affidavit of Joe Bagwell described in the earlier order (*id*. at 5), and the affidavit of Emily Brennan, Surety's Bond Claim Director, stating that the descriptions on the Supplemental Log are correct (Pl.'s Resp. Mot., Ex. E) [dkt 81].

**Applicable Law**

"[S]tate law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. The District Judge has found that California law "provides the substantive rules of decision between the litigants" under the indemnity agreement. (Order, Mar. 5, 2014, at 2 [dkt 96]; *see also* Order, Nov. 26, 2012, at 5 [dkt 40].) In its discussion of choice of law regarding its claim of attorney-client privilege, Surety acknowledges that California substantive law applies. (Pl.'s Suppl. Mem. at 5 n. 1.) Nevertheless, it asserts that Illinois law governs its claim of attorney-client privilege because "a district court sitting in diversity applies the law of the state in which it sits regarding privilege." (*Id*. at 2.) Defendants discuss only Illinois law.

Issues of privilege are substantive. *Bell Microproducts, Inc. v. Relational Funding Corp.*, No. 02 C 329, 2002 WL 31133195 at *3-4 (N.D. Ill. Sept. 25, 2002); *see also In re Yasmin and Yaz*

2

*(Drospirenone) Mktg., Sales Prac. & Prod. Liab. Litig.*, No. 3:09-MD-02100-DRH-PMF, MDL 2100, 2011 WL 1375011 at *2-3, 6 (S.D. Ill. Apr. 12, 2011) (stating that "the rationale underlying Rule 501 and its congressional history . . . emphasize the view that privilege law is substantive"). Thus, when a "contract specifies the application of another state's (say California's) law," the court must "honor[] the contractual provision that looks to substantive California law" if that law "would be chosen under the choice-of-law rules used by the state where the court sits." *Bell Microproducts*, 2002 WL 31133195 at *4.

Surety cites *Abbott Laboratories v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 404 (N.D. Ill. 2001), to support its position that Rule 501 requires the application of the forum state's law of privilege notwithstanding the application of a different state's substantive law to the claim itself. (Pl.'s Suppl. Mem. at 2.) This court, however, agrees with the analysis in *Bell Microproducts*. That decision characterized the holding in *Abbott* as "analytically questionable" under Rule 501 because privilege rules are generally viewed as substantive, not procedural, and because "Illinois *itself* calls for California law to provide the rules of decision where the parties' contract so specifies." *See Bell Microproducts*, 2002 WL 31133195 at *4 (emphasis in original). Logic also suggests that the reference in Rule 501 to the "state law [that] governs privilege" and the "state law [that] supplies the rule of decision" means the same state. Once the court has, by applying appropriate choice of law principles, determined the substantive law applicable to a claim based on state law, the privilege issues are determined by that same state's law. Accordingly, the law of California – not Illinois – governs plaintiff's claim of attorney-client privilege.[1]

---

[1] For an extended discussion of the choice of law approaches to Rule 501, see Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure vol. 23, § 5435, 865-885 (1st ed., West 1980).

**Discussion**

The first document on Surety's Supplemental Log consists of five pages (bates nos. 1760-64) described on the log as "Attorney Work Product received from BE&K at Mediation." (Pl.'s Resp., Ex. E at 1.) The document is entitled "UNC Dental Sciences-ASTC Default /Timeline of Relevant Events /9/11/2012."[2] Its first page bears a handwritten notation, "Rec'd from BE&K Mediation 9/11/12," and subsequent pages bear a few other short handwritten notations. There are three pages of a timeline of events regarding ASTC's default on the Dental Science Building work, and a calculation of what appears to be BE&K's claim. On each page appears: "For Settlement Purposes Only."

Although Surety's Supplemental Log asserts work-product protection for the document, there is no suggestion that it is Surety's own work product. Rather, the suggestion is that it is work product of BE&K, handed to Surety's representatives during the mediation. Assuming that is the background of the document, Surety argues that it is privileged from production by the Illinois Uniform Mediation Act, 710 Ill. Comp. Stat. § 35/1, *et seq*. (Pl.'s Suppl. Mem. at 5.) With respect to privilege, the Act provides, in pertinent part, that:

(a) Except as otherwise provided in Section 6, a mediation communication is privileged as provided in subsection (b) and is not subject to discovery or admissible in evidence in a proceeding unless waived or precluded as provided by Section 5.[3]

---

[2] The document has been submitted to court for its in camera review. (Order, Feb. 14, 2014.)

[3] Under section 5 of the Act, "[a] privilege under Section 4 may be waived in a record or orally during a proceeding if," among other things, "it is expressly waived by all parties to the mediation." 710 Ill. Comp. Stat. § 35/5(a). Section 6 of the Act carves out exceptions to the

4

(b) In a proceeding, the following privileges apply:

(1) A mediation party may refuse to disclose, and may prevent any other person from disclosing, a mediation communication.

710 Ill. Comp. Stat. § 35/4.

Surety also argues that, if California law applies, that state's similar mediation privilege found in California Evidence Code § 1119 likewise protects the document. (Pl.'s Suppl. Mem. at 5 n. 1.) Section 1119 provides (save for exceptions that are inapplicable here) that:

(a) No evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the evidence shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

(b) No writing . . . that is prepared for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation, is admissible or subject to discovery, and disclosure of the writing shall not be compelled, in any arbitration, administrative adjudication, civil action, or other noncriminal proceeding in which, pursuant to law, testimony can be compelled to be given.

(c) All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential.

Cal. Evid. Code § 1119.

Although the evidence Surety has provided about the document is scant, the document appears to be consistent with Surety's representation that it was presented by BE&K's

---

privilege afforded to mediation communications under section 4, none of which are applicable here. *Id*. at. § 35/6.

representatives at the mediation to summarize BE&K's review of the facts underlying its claim and a calculation of its damages. As such, it would arguably be within the scope of the mediation privilege established by the Illinois Uniform Mediation Act and the California Evidence Code.

Defendants do not directly dispute the mediation privilege, rather they argue as a general matter that Surety cannot assert attorney-client privilege or work-product protection as a shield to prevent defendants from discovery about Surety's settlement of the underlying claim. For support they cite *Waste Management, Inc. v. International Surplus Lines Ins. Co.*, 579 N.E. 2d 322, 332 (Ill. 1991). (Defs.'s Suppl. Mem. at 6.) In that case, the Illinois Supreme Court held that an insured could not withhold from its insurers communications the insured had with its defense counsel regarding the underlying claim that the insurer was called upon to satisfy. *Id* at 328. The decision focused on the cooperation clause of the insurance agreement, which required the insured to cooperate with its insurer. *Id*. at 327. The court observed that such a clause was for the insurer's interest. *Id.*

Defendants' argument does not compel the production of the document, for a number of reasons. First and foremost, the document is not within the scope of discovery because it is not relevant to any claim or defense in this case. *See* Fed. R. Civ. P. 26(b)(1). The only relevance suggested by defendants is to support their contention that in the mediation Surety abandoned a "failure to mitigate" defense to BE&K's claim. (Defs.' Mot. at 13.) However, defendants' attempt to plead an affirmative defense that Surety failed to act with good faith and fair dealing in settling of BE&K's claim has been repeatedly rejected by the District Judge. (*See, e.g.*, Order, Mar. 5,

2014.)[4]

Secondly, as noted above, defendants' argument is based entirely on Illinois law. Defendants do not argue that California law would compel production.[5]

Finally, even if, *arguendo*, defendants will be permitted to plead an affirmative defense that Surety violated the duty of good faith and fair dealing in settling the claim, and, if, *arguendo*, Illinois law applied, defendants are not in the position of the insurer in *Waste Management*. Defendants are not insurers, they are guarantors. As defendants themselves observe, the cooperation clause in the indemnity agreement at issue here required *defendants* to provide information to Surety, not the other way around. (Defs.' Suppl. Mem. at 7, citing Ex. 3 at bates no. 1788.) The cooperation clause does not help defendants' argument here.[6]

Accordingly, defendants' motion to compel is denied as to the document bates nos. 1760-1764.

_____
Geraldine Soat Brown
United States Magistrate Judge

Dated: March 7, 2014

---

[4] It is not clear why defendants are seeking a document prepared by BE&K for the mediation which, presumably, would present BE&K's case against ASTC in the best light.

[5] It is doubtful that California law follows the holding announced in *Waste Management*. *See Rockwell Intl. Corp. v. Superior Court*, 32 Cal. Rptr. 2d 153, 156 (Cal. App. 1994) ("refus[ing] to adopt the rules announced by the Illinois Supreme Court" in *Waste Management*).

[6] Thus, it is not necessary to reach the question of whether the mediation privilege would shield the document in a context like that addressed in the *Waste Management* case.

7