# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **United States Surety Company,** | ) | |
| Plaintiff, | ) | Case No: 11 C 7480 |
| | ) | |
| v. | ) | Judge Milton I. Shadur |
| | ) | |
| **Stevens Family Limited Partnership, et al.** | ) | Magistrate Judge Geraldine Soat Brown |
| Defendants. | ) | |
| | ) | |

## ORDER

The remaining pending portion of Defendants' Second Motion to Compel [dkt 74] is granted in part and denied in part as detailed below. In sum, the motion is granted as to the remaining disputed documents with the exceptions listed in the remainder of this order. Compliance with this order does not waive Surety's assertion that these documents are not discoverable due to the attorney-client privilege and work-product protection. Additionally, the documents to be produced pursuant to this order will be subject to a protective order: The documents may be reviewed only by defendants and defendants' counsel of record in this case and counsel's support staff, and may be used by defendants only in connection with this lawsuit. Status hearing is set for April 1, 2014 at 9:45 a.m.

## STATEMENT

In a hearing on March 12, 2014, the District Judge stated that defendants are entitled to discovery that might support an affirmative defense that plaintiff United States Surety Company ("Surety") overpaid in bad faith when it mediated and settled BE&K's bond claim. The District Judge specified that defendants may obtain discovery about why Surety mediated the bond claim, what happened during the mediation, and how it happened that Surety agreed to the final settlement figure, $440,000.

From the documents reviewed by this court in camera, it appears that the decision to mediate was made by Surety's in-house counsel in consultation with Surety's retained counsel, and that the preparation for the mediation was done by those counsel along with Surety's consultant Joe Bagwell. Thus, discovery about the decision to mediate and how it happened that Surety agreed at the mediation to pay $440,000 to settle BE&K's claim necessarily requires inquiry into communications between those counsel and between counsel and Mr. Bagwell.

In a subsequent hearing before this court on that same date, this court discussed the District Judge's ruling with counsel and expressed the view set out in the preceding paragraph. The court directed Surety to determine if it wanted to present further argument about any specific documents, and continued its hearing to March 13, 2014. During the continued hearing, Surety stated, and the court agreed, that Surety had not waived any arguments about attorney-client privilege or work-product protection with respect to disputed documents. The court

further stated that communications, in the documents or otherwise, about Surety's position regarding its claim against defendants for indemnification remain privileged and/or work product protected.

Having reviewed the documents in camera, the court determines that plaintiffs are not required to produce the following documents:

a.) Documents relating to discussion about Surety's potential indemnification claim against defendants, including how to respond to inquiries from Jeff Taggart of ATSC: bates nos. 2854 through 2864, 2865 through 2966, and 3208; and

b.) Drafts of a responsive letter to BE&K's demand, and discussion about that draft (presumably, if a final version of the letter was sent, it has been produced): bates nos. 2482 through 2485, 2797 through 2800, 3215 through 3219, and 3289 through 3293.

The court previously determined that bates nos. 1760 through 1764, a document purportedly tendered by BE&K at the mediation, is subject to the mediation privilege. (Order, Mar. 7, 2014.) [Dkt 97.] Neither party suggested at the hearing that the court revisit that decision. If either party believes that documents prepared for or submitted at the mediation, or communication during the course of the mediation, are discoverable under the District Judge's ruling, that party may bring a further motion on that subject.

With the exceptions listed above (and the General Indemnity Agreement in which the defendants previously disclaimed interest), Surety must promptly provide opposing counsel with copies of the remaining documents listed on its Supplemental Log (Pl.'s Resp. Mot., Ex. E). [Dkt 81-10.] Compliance with this order does not waive Surety's claim that the documents are protected from discovery by the attorney-client privilege and work-product protection.

**Dated: March 17, 2014**                               **/s/GERALDINE SOAT BROWN**
                                                         **United States Magistrate Judge**